**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 1:12-cv-2333-WJM-CBS

JODY RUHTER, as parents and guardian of Nathan Kyle Ruhter, a protected person,
KYLE RUHTER, as parents and guardian of Nathan Kyle Ruhter, a protected person, and
NATHAN KYLE RUHTER, a protected person

    Plaintiffs

v.

21ST CENTURY INSURANCE COMPANY, a California corporation d/b/a 21ST CENTURY NORTH AMERICAN INSURANCE COMPANY

    Defendant.

---

**ORDER REMANDING CASE BASED ON INSUFFICIENT NOTICE OF REMOVAL**

---

This matter is before the Court on Defendant 21st Century Insurance Company's Notice of Removal ("Notice"). (ECF No. 1.) To remove a case from state to federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). Defendant's Notice states that this Court has jurisdiction over the above-captioned action based on diversity of the parties pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶ 2.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

With regard to the citizenship of the parties to this action, the Notice states that Defendant is a New York corporation with its principal place of business in Wilmington, Delaware. (ECF No. 1 ¶ 4.) The Notice contains no allegation of Plaintiffs' citizenship. Attached to the Notice is a copy of Plaintiffs' Amended Complaint (filed in state court) which provides that Plaintiffs are "residents" of Colorado. (ECF No. 1-1 at 1.) This allegation of Plaintiffs' residency is insufficient evidence of Plaintiffs' citizenship for purposes of establishing diversity. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("We note that the jurisdictional statement contained in plaintiffs' complaint (which was never amended) is technically deficient. Although the citizenship of the corporate plaintiffs is properly alleged, plaintiffs only allege that defendants are residents of Texas, which is insufficient."); *Andress v. Deasy*, 144 F.3d 1198 (Table), 1997 WL 299294, at *1 (10th Cir. June 5, 1997) ("[W]hile the record contains indications of Andress' residence, it contains no allegation as to his state of citizenship. Andress has failed to establish jurisdiction in federal court."); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) (holding that, in a complaint or notice of removal, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

It is well-settled that the party invoking federal jurisdiction—the removing party—"bears the burden of proving that such jurisdiction exists." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[T]he defendant is required to prove jurisdictional facts . . . ."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994) ("[T]he burden was on ...

the party invoking federal jurisdiction to show that it exists."). Defendant's filings (including the Notice of Removal and the attached Amended Complaint) do not satisfy this burden as there is insufficient evidence of Plaintiffs' citizenship. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to Denver County District Court. The Clerk shall transmit the file.

Dated this 5th day of September, 2012.

BY THE COURT:

William J. Martinez
United States District Judge